# IN THE MATTER OF THE ESTATE OF VERA D. SIMON

[No. 24, September Term, 1982.]

*Decided October 25, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Richard H. James,* with whom was *W. C. Stith* on the brief, for appellant Mercantile-Safe Deposit and Trust Company.

*Harriet Granet* for appellee.

COUCH, J., delivered the opinion of the Court.

At issue in this case is whether, as a matter of law, the Orphans' Court of Baltimore City is barred absolutely from allowing a commission to a personal representative of an estate upon the sale of that estate's real property with the aid of a broker. The appellant, Mercantile-Safe Deposit and Trust Company, personal representative under the will of Vera D. Simon, deceased, had caused the real property to be sold, and petitioned the orphans' court for a commission on the sale. That court concluded it had no authority to allow any commission thereon. A timely appeal was taken to the Court of Special Appeals and we granted certiorari prior to consideration by that court to consider a question of public interest.

We hold that the orphans' court erred in its conclusion; thus, we shall reverse and remand to that court for further proceedings consistent with this opinion.

The factual backdrop for this case is simple and straightforward. The decedent, Vera D. Simon, died owning fee simple title to certain real property in Baltimore City. Title to this property thus passed to the appellant pursuant to Maryland Code (1974), Estates and Trusts Article, § 1-301.[1] This property constituted, by far, the largest portion of the estate. The appellant retained the services of a broker in order to effect a sale of the property which resulted in the property being sold, and, thereafter, submitted a petition to the orphans' court to fix the commissions of the personal representative, including a commission on the sale of the realty. In denying that part of the petition concerning the sale of the realty, the orphans' court concluded that it had no *authority* to allow a personal representative any commission for the sale of an estate's real property when the aid of a broker was involved.

The resolution of the issue before us lies in Code (1974, 1982 Cum. Supp.), Estates and Trusts Article, § 7-601, Sub-

---

1. Md. Code (1974), Estates & Trusts Art., § 1-301, provides that "All property of a decedent shall be subject to the estates of decedents law, and upon his death shall pass directly to the personal representative, who shall hold the legal title for administration and distribution, without any distinction, preference, or priority as between real and personal property."

title 6, "Compensation and Expenses," which, in its entirety, reads as follows:

"(a) *Right to compensation.* — A personal representative or special administrator is entitled to reasonable compensation for services. If a will provides a stated compensation for the personal representative, additional compensation shall be allowed if the provision is insufficient in the judgment of the court. The personal representative or special administrator may renounce at any time all or a part of the right to compensation.

(b) *Computation of compensation.* — Unless the will provides a larger measure of compensation, upon petition filed in reasonable detail by the personal representative or special administrator, the court may allow the commissions it considers appropriate. The commissions shall not exceed those computed in accordance with the table in this subsection.

| If the property subject to administration is: | The commission may not exceed: |
|---|---|
| Not over $20,000 | 10% |
| Over $20,000 | $2,000 plus 4% of the excess over $20,000 |

For the purposes of this subsection only, the phrase 'property subject to administration' does not include fee simple real property, and is not affected by expenses or charges attributable to it.

(c) *Appeal.* — Within 30 days a personal representative, special administrator, or unsuccessful exceptant may appeal the allowance to the circuit court, which shall determine the adequacy of the commissions and increase, but not in excess of the above schedule, or decrease them.

(d) *Commission on sale of real property.* — (1) In the event of a sale of real property by the personal representative, the court, upon petition filed in reasonable detail, may allow a commission on the pro-

ceeds of the sale as it shall consider appropriate but which shall not exceed 10 percent.

(2) If the personal representative retains the services of a licensed real estate broker to aid in the sale of real property, the commissions paid to the real estate broker are an expense of administration and may not be deducted from the commissions allowed by the court to the personal representative in accordance with subsection (a)."

Prior to 1975, there had been no legislative provisions concerning the payment of a broker's commission in the sale of an estate's realty. By Chapter 428 of the Laws of 1975, section 7-601 (d) (2), as quoted above, was added to the subtitle and is self-explanatory. Thereafter, when real property is sold with the aid of a broker, commissions of the broker are an expense of administration and may not be deducted from commissions allowed to the personal representative in accordance with section 7-601 (a).[2] The orphans' court, in its written opinion, reasoned as follows:

"Our reading of the statute, (Sec. 7-601 (d) (1)) suggests that our discretion is limited to the language of that section which reads as follows:

'In the event of a sale of real property by the personal representative, the Court, upon petition filed in reasonable detail, may allow a commission on the proceeds of the sale as it shall consider appropriate but which shall not exceed 10 percent.'

---

2. In 1963, the then Attorney General, Thomas B. Finan, opined that "Where a real estate broker has been employed by an executor to assist in the sale of real estate and has earned a commission under his contract with the executor, unless there is a contrary provision of the testator in the will, we do not believe that realtor's commission is properly treated as an expense of administration but, to the contrary, must be paid by the executor from the commissions awarded him by the orphans' court pursuant to Article 93, Section 316." 48 Op. Att'y Gen. 379, 381 (1963). (Queried as to soundness, 1 Skyes, Probate Law and Practice § 660 (1956, 1965 Supp.)). But we also note that in 1976 the Attorney General recognized the legislative change by Chapter 428, Laws of 1975, when he wrote, "Any commission paid by the personal representative to a licensed real estate broker could be deducted as an expense of administration but could not be deducted from the amount allowed the personal representative as a commission on the sale of the real property." 61 Op. Att'y Gen. 869, 872 (1976).

> The question which is unclear to us is whether or not the language used 'by the personal representative', may be construed to mean by the personal representative with the aid of a broker or by the personal representative without the aid of a broker? Inasmuch as Sec. 7-601 (d) (2) deals specifically with the situation where a broker is involved, and since that section refers to Sec. 7-601 (a) (commissions to personal representative for services to property subject to administration) and no reference is made to Sec. 7-601 (d) (1) (commissions to personal representative when real property is sold by him), and a broker is not mentioned in Sec. 7-601 (d) (1), we are forced to the conclusion that our discretion to allow commissions on the sale of real estate is limited to a sale of real estate by the personal representative without the aid of a broker. We feel that if Sec. 7-601 (d) (1) is to be construed to mean with or without the aid of a broker, such construction must be made by one of the appellate courts.
>
> We will therefore disallow any commissions to the personal representative on the sale of the real estate because a broker was involved."

We believe the orphans' court's reasoning is flawed because it restricts the right of a personal representative to a commission to those instances where he sells the realty without the aid of a broker simply because section 7-601 (d) (1) makes no mention of a broker.

We believe that the language used in section 7-601 is clear. Subsection (a) entitles the personal representative to compensation. Subsection (b) establishes the limits of compensation relating to all property *except* real property; the phrase, "For the purposes of this subsection only, . . ." means for the purposes of subsection (b) only. Subsection (c) gives the personal representative the right to appeal the allowance of the commission. Subsection (d) relates to commissions where real property is sold. Subsection (d) (1)

entitles the personal representative to a commission on the sale of real property, separate from the compensation provided for in subsection (b). Subsection (d) (2) provides that the commissions paid to a real estate broker are expenses of administration and should not be deducted from the compensation to which the personal representative is entitled.

If we followed the reasoning of the orphans' court in this matter, a personal representative, in order to be entitled to consideration for a commission from the sale of an estate's real property, would have to sell that property himself, without the aid of a broker. He would be absolutely barred from receiving any commission where the sale is made with the aid of a broker; this despite the fact that it is always the personal representative, as the legal title holder, who actually sells the property and has the resulting responsibility for accounting for the proceeds thereof, payment of estate taxes, and ultimate distribution pursuant to the terms of the will. We believe that the legislature never intended that a personal representative "work for nothing;" or as Judge Smith stated for the Court in *Riddleberger v. Goeller,* 263 Md. 44, 58, 282 A.2d 101, 109 (1971), "[t]he laborer is worthy of his hire." Indeed, by subsection (d) (1) above, the contrary intent is manifested; it clearly provides that a commission may be allowed. All subsection (d) (2) does is provide that any broker's commission must be treated as an administration expense and not deducted from a commission allowed the personal representative.

Our conclusion, of course, does not mean that the personal representative is automatically entitled to a commission under the present circumstances, but means only that he is entitled to have the orphans' court consider his petition and make such an allowance, up to 10 percent of the proceeds of sale, if warranted in its judgment upon review of the "reasonable detail" set forth in the petition.

Because, in the instant case, the orphans' court erroneously concluded it had no authority to allow any commission to the personal representative, we shall remand the case to that court for a determination of whether, in its judgment, the appellant is entitled to a commission. *See*

526

*American Jewish Joint Distribution Comm. v. Eisenberg,*
194 Md. 193, 70 A.2d 40 (1949).

> *Judgment of the Orphans' Court of Baltimore City reversed and case remanded to that Court for further proceedings.*
> *Costs to be paid by the appellee.*